UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MICHAEL A. HENDERSON,            )
                                 )
              Plaintiff,          )
                                 )
       vs.                        )          Case No. 1:20 CV 173 ACL
                                 )
BLACK & DECKER (U.S.) INC., et al.,  )
                                 )
              Defendants.         )

## MEMORANDUM AND ORDER

Proposed intervenor Missouri Employers Mutual Insurance Company ("MEM") has

filed a Motion to Intervene in this action as of right, or, alternatively, by permission, pursuant

to Missouri Supreme Court Rule 52.12 and Federal Rule of Civil Procedure 24.   (Doc. 6.)

MEM has attached a proposed Complaint to its Motion.   (Doc. 6-1.)

On August 13, 2020, Plaintiff Michael Henderson filed this action against Defendants

Black & Decker, Inc., and Ratermann Manufacturing, Inc., alleging strict liability and

negligence claims.   (Doc. 1.)   Henderson alleges that on July 27, 2017, he suffered injuries

from an explosion that occurred while he was operating a DeWalt drill in the course of his

employment with Oz Arc/Gas Equipment & Supply Inc. ("Oz Arc").

MEM is a Missouri corporation that provided workers' compensation coverage to

Henderson's employer, Oz Arc.   MEM claims that it has paid and will likely continue to pay

medical and disability benefits to Henderson due to his work-related injury.   MEM contends

that the employer and insurer have a right to be subrogated to the rights of the employee

1

against a liable third-party pursuant to the Missouri Workers' Compensation Act,      §
287.150.   MEM seeks to intervene in the instant action to assert its subrogation rights to any
damages that Henderson may recover.   Defendants oppose MEM's Motion to Intervene.
(Docs. 8, 17.)

### A.  Intervention as of Right

Under both Federal Rule of Civil Procedure 24(a) and Missouri Supreme Court Rule
52.12(a),[1] a person may intervene as a matter of right when that person "claims an interest
relating to the property or transaction that is the subject of the action, and is so situated that
disposing of the action may as a practical matter impair or impede the movant's ability to
protect its interest, unless existing parties adequately represent that interest."   Fed. R. Civ. P.
24(a).   *Compare* Missouri Supreme Court Rule 52.12(a) (applicant must claim "an interest
relating to the property or transaction that is the subject of the action and the applicant is so
situated that the disposition of the action may as a practical matter impair or impede the
applicant's ability to protect that interest, unless the applicant's interest is adequately
represented by existing parties").   The proposed intervenor has the burden of establishing
the presence of the following three elements:   (1) an interest relating to the property
transaction that is the subject of the action; (2) that the applicant's ability to protect the
interest is impaired or impeded; and (3) that the existing parties are inadequately representing

---

[1]In MEM's Motion, it cites only to Missouri Rule 52.12, whereas Defendants cite to Fed. R.Civ.
P. 24(a).   In its Reply, MEM acknowledges this discrepancy, but notes that the rules are almost
identical.   The undersigned agrees.   In fact, the Committee Note to the 1974 revision of Rule
52.12 states that "Paragraph (a) is the same as Rule 24(a) of the Federal Rules of Civil Procedure
except for the reference to Missouri statutes instead of statutes of the United States."

the applicant's interest.   *State ex rel Nixon v. American Tobacco Co., Inc*., 34 S.W.3d 122, 127 (Mo. 2000).

Under Missouri law, an employee who sues and recovers damages from a third-party tortfeasor for injuries to the employee holds the amount due to the employer in trust so as to ensure that the employer's right of subrogation is protected pursuant to § 287.150. *Schumacher v. Leslie,* 232 S.W.2d 913, 919 (1950).   If the third-party tortfeasor settles with the employee for a sum less than the workers' compensation benefits paid by the employer, the settlement does not extinguish the employer's right of subrogation if the amount of the settlement is inadequate and constitutes a fraud on the employer.   *O'Hanlon Reports, Inc. v. Needles*, 360 S.W.2d 382, 385 (Mo. Ct. App. 1962).

In support of its argument that it has a right to intervene, MEM first argues that its statutory subrogation right is intertwined with Henderson's instant action.   MEM, citing *State ex rel. Transit Cas. Co. v. Holt*, 411 S.W.2d 249 (Mo. App. Ct. 1967), next argues that its interests will not be protected if Henderson resolves this case by way of settlement, dismissal, or judgment, thereby binding MEM.

The *Holt* Court considered whether the plaintiff's employer's workers' compensation insurance carrier had a right to intervene in the plaintiff's personal injury action under a previous version of Rule 52.11(a).   The Court noted that, under Rule 52.11(a), the proposed intervenor must show: (1) timely application, (2) inadequate representation of applicant's interest by existing parties, and (3) the possibility that applicant may be bound by a judgment in the action.   The Court held that all three elements were met.   The Court further remarked

3

that "[w]ithout intervention, the interest of the employer and insurer are not adequately represented under such possible circumstances of dismissal, settlement or payment."   411 S.W.2d at 252.

Defendants argue that MEM has failed to meet its burden to prove the second or third required elements.   They argue that *Holt* is no longer good law, as it was applying a previous version of Rule 52, which imposed different elements for intervention from those under the current rule.   Defendants contend that the Court in *Kinney v. Schneider Nat. Carriers, Inc*., 200 S.W.3d 607, 611 (Mo. Ct. App. 2006) applied the current version of Rule 52 and rejected the same argument made by MEM.

In *Kinney*, the Court held that an employer did not have a right to intervene in an employee's action against third-party tortfeasors, noting that an employer or workers' compensation carrier who paid benefits to an employee has "…a multitude of options available to recoup the benefits from a third-party tortfeasor, and [is] not limited to intervention in the underlying suit."   *Id.* at 612.   For example, the Court noted that a workers' compensation insurance carrier may file a separate suit against the third-party tortfeasor after a cause of action between the employee and third person has been settled or arrived at a verdict, file a declaratory judgment action against the employee after the employee's suit against the third-party tortfeasor has been resolved, or file an interpleader action to determine the appropriate distribution of settlement proceeds.   *Id.*   The Court further found that the interests of the employer and the employee were "far from 'contrary'

and are, in fact, closely aligned since they both clearly have an interest in seeking maximum

recovery for the damages allegedly caused by the Defendants." *Id.* at 613.

The Court concludes that MEM has failed to meet its burden to demonstrate that it is

entitled to intervene as a matter of right.   It is undisputed that MEM has an interest relating

to the subject matter of this action.   MEM has not, however, demonstrated the other required

elements.   The Court finds the reasoning in *Kinney* persuasive on this issue.   Both Plaintiff

and MEM have the common interest of seeking maximum damages from Defendants.

MEM has pointed to nothing other than speculation to suggest otherwise.   *Cf Martin v. Stajo*

*Iron and Metal, Inc.*, 4:07CV1388 HEA, 2008 WL 3929524, at *3 (E.D. Mo. Aug. 21, 2008)

("In the present case, although [the Plaintiff] sets forth that she recognizes the intervenors'

lien on any proceeds she may receive from this action, she has affirmatively disavowed any

money to which she may be entitled.   As such, intervenors' lien may not be effected by a

settlement.   Plaintiff appears to seek to distribute Defendants' insurance policy limits in

such a way as to *avoid* the lien.")

### A.  Permissive Intervention

MEM argues in the alternative that the Court should permit intervention.   Permissive

intervention is governed by Fed.R. Civ. P. 24(b) and Missouri Supreme Court Rule 52.12(b).

These rules authorize the Court to exercise its discretion to permit a person to intervene if

that person has "a claim or defense that shares with the main action a common question of

law or fact."   Fed. R. Civ. P. 24(b)(1)(B).

Permissive intervention is inherently discretionary.   *State ex rel Nixon*, 34 S.W.3d at 127.   The Eighth Circuit has advised district courts to err on the side of intervention.   *Corby Recreation, Inc. v. General Electric Co.*, 581 F.2d 175, 177 (8th Cir. 1978), *see also Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999) ("Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor.").

Defendants argue that allowing MEM to intervene would cause delay and prejudice to the original parties.   They further ague that the presence of MEM could prejudice the parties by creating jury confusion; or could create logistical problems with respect to counsels' participation in depositions.

The Court finds Defendants' arguments unpersuasive.   Permitting MEM to intervene would not result in any delay, as this case is still in the beginning stages.   In fact, a Rule 16 Conference has not even been held yet.   As to Defendants' arguments of potential prejudice due to jury confusion or logistical problems, the Court finds that these concerns are speculative and are easily remedied.   The Rule 16 Conference will provide an opportunity to proactively address these issues.   Any concerns that may develop in the future due to the presence of MEM in this action will be addressed by the Court as they arise.

MEM undoubtedly has an interest in this action due to its subrogation right. Although MEM has other options available to recoup the funds paid to Henderson, these options all require MEM to file a separate action and plead additional elements. Intervention in the instant suit would be the most expedient method for MEM to protect its

interests.   Because this Court must err on the side of intervention, MEM will be permitted to intervene in this action.

Accordingly,

**IT IS HEREBY ORDERED** that proposed intervenor Missouri Employers Mutual Insurance Company's Motion to Intervene (Doc. 6) is **granted**.

**IT IS FURTHER ORDERED** that Missouri Employers Mutual Insurance Company is permitted to intervene in this action as a Plaintiff.

**IT IS FURTHER ORDERED** that Missouri Employers Mutual Insurance Company is granted leave to file its proposed Complaint (Doc. 6-1.)

Dated this 20th day of April, 2021.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE